UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.: 8:96-cr-00327-009 |
| | ) | |
| v. | ) | |
| | ) | |
| Douglas McArthur Lindsay, | ) | ORDER |
| | ) | (Written Opinion) |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**<u>18 U.S.C. § 3582(c)(2) Order for Sentence Reduction</u>**

This matter comes before the Court on the defendant's motion for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission (the Commission) pursuant to 28 U.S.C. § 994(u).

**<u>Background</u>**

The defendant's motion is based on Amendment 706 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c). This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels. U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). On December 11, 2007, the Commission voted to add this amendment to the list of amendments in U.S.S.G. § 1B1.10(c) that may be applied retroactively. This amendment became effective on March 3, 2008. Further, the Commission amended Application Note 10(D) to § 2D1.1 in order to remedy sentencing anomalies under

Amendment 706. This amendment became effective on May 1, 2008; therefore this matter is now ready for disposition.

## Discussion

The defendant was last sentenced on December 20, 1996, with the following sentencing range:

| | |
|---|---|
| Total Offense Level: | 42 |
| Criminal History Category: | I |
| Months Imprisonment: | 360-Life |

Taking into consideration these guidelines, the Court sentenced the defendant to Life in custody. This sentence was within the range indicated by the guidelines. Further, the defendant's sentence was not reduced pursuant to U.S.S.G. § 5K1.1, Rule 35, or a variance under 18 U.S.C. § 3553(a), and it was rendered before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

After taking into account all of the amendments to §§ 1B.10 & 2D1.10, the Court finds that the amended sentencing range should be:

| | |
|---|---|
| Total Offense Level: | 40 |
| Criminal History Category: | I |
| Months Imprisonment: | 292-365 |

This Court will not consider any guideline decision from the previous sentencing that was unaffected by the recent amendment. U.S.S.G. § 1B1.10(b)(1).

### **Conclusion**

Having calculated and considered the revised sentencing guidelines, specifically the provisions of §§ 2D1.1(c) and 1B1.10, and having also considered the relevant statutory sentencing factors contained in 18 U.S.C. § 3553(a) and the advisory nature of the Sentencing Guidelines, it is the judgment of the Court that the defendant's previously imposed sentence be reduced to a term of 365 months imprisonment, a sentence within the revised, advisory guidelines range. If this revised sentence is less than the amount of time the defendant has already served, the sentence is reduced to a "Time Served" sentence. *See* U.S.S.G. § 1B1.10(b)(2)(C) ("in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."). Except as provided by this Order, all provisions of the defendant's previous sentence dated December 20, 1996, remain in full force.

IT IS THEREFORE SO ORDERED THAT the defendant's previously imposed sentence be reduced to a term of 365 months.

IT IS FURTHER ORDERED THAT this Order become effective 10 days after the date of its entry.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

July  8 , 2008

Anderson, South Carolina

**[NOTICE OF RIGHT TO APPEAL ON NEXT PAGE]**

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, the defendant has the right to appeal this Order within ten (10) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**