UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Cr. No.: 8:96-cr-00327-GRA-9 |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | (Written Opinion) |
| ) | |
| DOUGLAS M. LINDSEY, II, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes upon Defendant's *pro se* motion before the Court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission ("the Commission") pursuant to the Fair Sentencing Act of 2010 and 28 U.S.C. § 994(o).  (ECF No. 72).  For the following reasons, Defendant's Motion is DENIED.

**Background**

This motion is based on Amendment 750 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c).  This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels.  U.S.S.G. App. C, Amend. 750 (Nov. 1, 2011) (succeeding the temporary emergency amendment, Amendment 748, enacted on November 1, 2010).  On June 30, 2011, the Commission voted to add this

amendment to the list of amendments in U.S.S.G. § 1B1.10(c) that may be applied retroactively. This amendment became effective on November 1, 2011. Further, the Commission amended Application Note 10(D) to § 2D1.1 in order to remedy sentencing anomalies under Amendment 750. This amendment became effective on November 1, 2011; therefore this matter is now ready for disposition.

### Standard of Review

Defendant brings this claim *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

### Discussion

**I. Sentence Reduction**

Defendant was originally sentenced to life imprisonment on December 24, 1996 pursuant to the U.S.S.G. § 2D1.1(c), with the following sentencing range:

| | |
|---|---|
| Total Offense Level: | 42 |
| Criminal History Category: | I |
| Months' Imprisonment: | 360 to Life |

This sentence was within the revised, advisory guidelines range and in compliance with the statutory minimum outlined in 21 U.S.C. § 841(b) (1) (A).

Defendant was resentenced on July 8, 2008 pursuant to Amendment 706 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c), with the following amended sentencing range:

Amended Total Offense Level:    40

Criminal History Category:      I

Months' Imprisonment:           292 to 365

Taking into consideration these guidelines and the statutory minimum for the offenses under 21 U.S.C. § 841(b) (1) (A), the Court sentenced Defendant to 365 months imprisonment.  This sentence was within the revised, advisory guidelines range and in compliance with the statutory minimum outlined in 21 U.S.C. § 841(b) (1) (A).  Further, Defendant's sentence was not reduced pursuant to U.S.S.G. § 5K1.1, Rule 35, or a variance under 18 U.S.C. § 3553(a), and it was rendered after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

After taking into account all of the amendments to §§ 1B.10 & 2D1.10, the Court finds that the amended sentencing range should be:

Total Offense Level:            40

Criminal History Category:      I

Months' Imprisonment:           292 to 365

This Court did not consider any guideline decision from the previous sentencing that was unaffected by the recent amendment.  U.S.S.G. § 1B1.10 (b) (1).  In

effect, Defendant's sentence range under the new Amendment for one kilogram of cocaine base does not change.

Defendant was previously sentenced at the top of the guideline range. At this time, this Court declines to alter its previous decision to sentence Defendant accordingly. In effect, Defendant's sentence range under the new Amendment does not change. Therefore, Defendant's Motion for Reduction of Sentence is DENIED.

## **Conclusion**

Having calculated and considered the revised sentencing guidelines, specifically the provisions of §§ 2 D1.1(c) and 1B1.10, effective November 1, 2011, and having also considered the relevant statutory sentencing factors contained in 18 U.S.C. § 3553(a) and the advisory nature of the Sentencing Guidelines, the Defendant's motion is DENIED.

IT IS THEREFORE ORDERED THAT Defendant's motion be DENIED.

IT IS SO ORDERED.

G. Ross Anderson, Jr.
Senior United States District Judge

December 5, 2011
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL DECISION

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within **fourteen (14)** days from the date of its entry.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**